**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-4876**

―――――――――

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

AMBER RENEE FRANKS,

          Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.   James P. Jones,
District Judge.  (2:10-cr-00011-JPJ-PMS-1)

―――――――――

Submitted:  March 15, 2012        Decided:   March 20, 2012

―――――――――

Before WILKINSON, GREGORY, and FLOYD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Joseph W. Rasnic, Jonesville, Virginia, for Appellant.  Timothy
J. Heaphy, United States Attorney, Zachary T. Lee, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amber Renee Franks was sentenced to forty-eight months in prison after a jury convicted her of six counts of bank fraud, in violation of 18 U.S.C. § 1344 (2006); four counts of theft by a bank employee, in violation of 18 U.S.C. § 656 (2006); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2006); and one count of access device fraud, in violation of 18 U.S.C. § 1029 (2006). On appeal, Franks asserts only that there was insufficient evidence to support the jury's guilty verdict. We disagree and affirm.

This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When, as here, a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks, brackets and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted).

This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Cameron, 573 F.3d 179, 183 (4th 2009) (internal quotation marks and citations omitted). "[I]f the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe[.]" United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007) (internal quotation marks and citation omitted). Thus, the court may not weigh the evidence or review the credibility of the witnesses. See United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We have considered the parties' arguments and have reviewed the trial evidence and conclude that the Government produced sufficient evidence to support the jury's verdict.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED